## SKINNER *v.* TOWN OF DOUGLASVILLE.

LITTLE, J. It was, on the trial of an action against a municipal corporation for personal injuries alleged to have been occasioned by a defect in a street, erroneous to direct a verdict for the defendant, when there was evidence from which the jury might have found that it was negligent, and that at the time of receiving the injuries the plaintiff was exercising ordinary care and diligence.

*Judgment reversed. All the Justices concurring.*

Submitted March 27, — Decided April 24, 1899.

Action for damages. Before Judge Janes. Douglas superior court. November term, 1897.

*John V. Edge*, for plaintiff.

---

## PARKER *v.* BARDWELL & McCOY.

COBB, J. 1. Though a restraining order granted upon a petition for injunction and setting a day for an interlocutory hearing directed "that the defendants exhibit to plaintiff's counsel their answer to his petition two days before the hearing," the fact that the answer actually filed contained a paragraph not embraced in the same when it was exhibited to plaintiff's counsel affords no cause for striking such paragraph, the same being appropriate and germane. If by reason of incorporating the additional matter in the answer the plaintiff was less prepared for trial, his remedy was to move for a postponement.

2. If there was any equity at all in the plaintiff's petition, it was completely sworn off, and there was no error in denying the injunction.

*Judgment affirmed. All the Justices concurring.*

Submitted March 27, — Decided April 25, 1899.

Petition for injunction. Before Judge Butt. Talbot county. December 31, 1898.

*J. J. Bull*, for plaintiff.
*Brannon, Hatcher & Martin*, for defendants.